UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENDEL S.,

               Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

               Defendant.

CASE NO. C18-5729-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Child Disability Benefits (CDB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1985.[1] He has a ninth-grade education, and previously

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

worked in a warehouse for a few days. (AR 661, 677-78.)

Plaintiff applied for CDB and SSI in April 2014 and June 2014, respectively. (AR 635-41, 644-49.) Those applications were denied and Plaintiff timely requested a hearing. (AR 469-83, 486-92.)

On August 9, 2017, ALJ Paul Gaughen held a hearing, taking testimony from Plaintiff, Plaintiff's sister, and a vocational expert (VE). (AR 34-82.) On September 20, 2017, the ALJ issued a decision finding Plaintiff not disabled. (AR 13-26.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on August 1, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since September 30, 2003, the alleged onset date. (AR 16.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's obesity, history of alcohol addiction, major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder. (*Id*.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 16-18.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing medium work, with additional limitations: he can understand, remember, and follow new simple instructions/directions, but not those that are detailed or complex (*i.e.* with more than five steps to follow). He can handle routine and perfunctory work-related social interactions and at a higher level with persons with whom he is familiar or acquainted. He cannot meet fast-paced production demands and should not work where alcoholic beverages are served or stored. He needs a well-set and -explained work routine. (AR 18.)

Plaintiff has no past relevant work (AR 25), so the ALJ proceeded to step five, where the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of performing representative occupations such as industrial sweeper, laundry laborer, and dryer attendant. (AR 25-26.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in entering step-three findings and in weighing medical opinion evidence, which led to errors in the step-two findings, the assessment of Plaintiff's

testimony, the RFC assessment, and the step-five findings. Dkt. 10 at 1-2. Plaintiff also argues that evidence submitted for the first time to the Appeals Council undermines the ALJ's decision. Dkt. 10 at 2. The Commissioner argues that the ALJ's decision is supported by substantial evidence, even when considering the Appeals Council evidence, and should be affirmed.

## Appeals Council evidence

Plaintiff submitted 294 pages of evidence relating to his 2003 motorcycle accident and his high school education records for the first time to the Appeals Council. (AR 90-383.) This evidence documents *inter alia* Plaintiff's traumatic brain injury and his rehabilitation at Children's Hospital, as well as his school's individualized education program prior to the injury. (*Id.*) The record before the ALJ contained some evidence related to Plaintiff's medical treatment following the motorcycle accident, but not any of his treatment at Children's or his education history. (*See* AR 1116-2113 (Harborview Medical Center records).)

Although the Appeals Council found that the new evidence did not provide a basis for changing the ALJ's decision and declined to exhibit the documents (AR 1-6), the record does contain the evidence and the Court must consider the evidence in its review of the ALJ's decision. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

The Court finds that the Appeals Council evidence does undermine the ALJ's decision, because it documents the existence of Plaintiff's traumatic brain injury, which the ALJ did not discuss at step two or at any subsequent step in the disability determination, and it also provides a basis of comparison for Plaintiff's functioning before the motorcycle accident for purposes of

Listing 12.02, which was not explicitly considered at step three. The Commissioner's brief mentions the Appeals Council evidence with merely boilerplate legal standards and one conclusory sentence regarding the content of the submission. *See* Dkt. 14 at 8-10 ("Considering the record as a whole, the new evidence that Plaintiff submitted to the Appeals Council does not change the fact that substantial evidence supports the ALJ's decision.").[2] The Court's review of the evidence suggests that the evidence undermines the ALJ's findings at steps two and three (and therefore undermines subsequent steps in the decision that flow from the findings at steps two and three), and the Commissioner has made little effort to persuade the Court otherwise. The evidence appears to be particularly relevant to Plaintiff's application for CDB for the period before September 24, 2007, given that it pertains to that time period and is not duplicative or cumulative of any evidence that was before the ALJ.

On remand, the ALJ should reconsider the entire record, obtaining medical expert testimony or otherwise further developing the record if warranted. Although Plaintiff assigns error to other aspects of the ALJ's decision, those portions of the decision are likely to be impacted by the ALJ's reconsideration of the complete record, and thus the Court declines to address those issues at this time.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further

---

[2] The Commissioner's brief also fails to address the internal inconsistencies in the ALJ's step-three findings, which complicate the Court's review of the impact of the Appeals Council evidence on the step-three findings. With regard to two of the "paragraph B" criteria, the ALJ's decision describes Plaintiff's deficits as both "moderate" *and* "marked." (AR 17-18.) Although it can be presumed that the ALJ intended to find the deficits in at least one of those categories to be "moderate," because he found Plaintiff not disabled at step three, it is not clear exactly what the ALJ intended. The ALJ will have the opportunity to clarify these findings on remand.

administrative proceedings.

DATED this 11th day of June, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6